**FILED & ENTERED**

**MAR 03 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Remy        **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Tsvetana Yvanova<br><br><br><br>Debtor(s). | CHAPTER 13<br><br>Case No.: 1:13-bk-16120-MT<br><br>Adv No: 1:13-ap-01216-MT |
| Tsvetana Yvanova<br><br>Plaintiff(s),<br><br>v.<br><br>THR California/LP/LLC/Successor to DBNB, Trustee to MSAC-2007 Trust HE-1)<br><br>Defendant(s). | **MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING** |

Plaintiff Tsvetana Yvanova ("Yvanova") filed an Adversary Complaint on September, 27, 2013 which was dismissed on December 10, 2013 with leave to amend. The Order on Motion to Dismiss ("Dismissal Order") found Plaintiff's 67 page Adversary Complaint lacked a "short and plain statement" as required under Federal Rule of Civil Procedure ("FRCP") 8(a). The Adversary Complaint did not state a facially plausible claim under the Twombly standard; the fraud claims did not satisfy the heightened pleading standard provided in FRCP 9(b). *See* Dismissal Order. The Adversary Complaint failed to allege specific, particularized facts to support a reasonable inference that Plaintiff has a plausible claim against Defendant for relief. Id.

On January 6, 2014, Yvanova filed an Amended Adversary Complaint alleging the same causes of actions without any additional facts to support the inference that she has a plausible claim against Defendant. The causes of actions have identical language, although she has rearranged them. The only relevant change is that Plaintiff alleges a new, seventh, cause of action for "Abetting Breach of Contract of the Terms of the Deed of Trust." *See* Amended Adversary Complaint ("AAC") 43:11-47-6. This seventh cause of action is based on the first six causes of action which were replicated from the Adversary Complaint.

On January 21, 2014, Defendant filed a Motion to Dismiss the Amended Adversary Complaint (the "Motion to Dismiss" or "MTD"). Plaintiff filed an Opposition to the Motion to Dismiss (the "Opposition") on February 4, 2014. Defendant filed a Reply to the Opposition to the Motion to Dismiss (the "Reply") on February 19, 2014 (at least seven days prior to the hearing pursuant to Local Bankruptcy Rule ("LBR") 9013-1(g). In the Reply, Defendant correctly states that Plaintiff's Opposition does not comply with LBR 9013-2(b)(1) which states: "A brief must not exceed 35 pages in length, unless otherwise ordered by the court."

Plaintiff's Opposition is thirty-five (35) pages excluding the proof of service and exhibits. However, prior to filing her Opposition, Plaintiff filed a "Memorandum in Support of Adversary Complaint" (the "Memorandum") on February 4, 2014, after Defendant had filed its Motion to Dismiss. This Memorandum is eight (8) pages in length excluding exhibits. Plaintiff then filed a Statement of Key Facts on February 12, 2014 that is two (2) pages in length excluding exhibits. Plaintiff's complete Opposition is then forty-five (45) pages in length. Although the Opposition should be stricken as it does not comply with the Local Rules, given that it does not provide a basis for legal relief, there is no prejudice to the Defendant in considering it. Under LBR 1001-1(d), the court may waive the application of any LBR in any case or proceeding as it deems appropriate, in the interest of justice. Therefore, the Opposition will not be stricken.

Plaintiff then filed a sur-reply, titled "Reply Brief to Defendants' Brief from February 20, 2014 Memoranda in Support of Opposition to Dismissal of First Amended Adversary Complaint" (the "Sur-reply") on February 24, 2012 – two days prior to the hearing. The Local Bankruptcy Rules only provide for a motion, an opposition, and a reply. Neither the LBR nor the Federal Rules provide the right to file a sur-reply. In this case, the Court has not requested a sur-reply from Plaintiff nor granted a request on behalf of Plaintiff to file one. The sur-reply was filed two days before the hearing, did not give Defendant sufficient notice and time to respond and does not add any new legal arguments. The sur-reply was not authorized and should not be considered.[1] It has, however, been reviewed and does not raise any arguments which should be considered here or which were not already considered.

---

[1] Plaintiff also makes an argument that Defendant's Motion to Dismiss, Reply and Request for Judicial Notice also exceeds the page limit. However, each brief is to be considered on its own as they are separate and distinct from one another (as opposed to Plaintiff's Opposition, Memorandum and Statement of Key Facts, all filed after Defendant's MTD). Defendant's Motion to Dismiss is sixteen (16) pages. The Request for Judicial Notice and Exhibits do not have a page limit. Defendant's Reply is ten (10) pages. Defendant has complied with the Local Bankruptcy Rules.

Defendant stated at the hearing that it will not pursue its argument concerning its status as a bona fide purchaser. Plaintiff's allegations regarding Defendant THR's relations to Blackstone Group, LP – Invitation Homes, financed by Deutsche Bank goes towards Defendant's status as a bona fide purchaser. The Court does not make a determination as to the bona fide purchaser status at this time, given Defendant's choice to not pursue this argument.

The Court has considered Plaintiff's arguments in detail, including the theories that the loan was securitized in violation of the pooling and servicing agreement ("PSA"), that the assignment is void, that the foreclosing entity was not the true holder of the Note, that the Note and Deed of Trust were split, that she has standing to allege a violation of the PSA and the invalidity of the assignment, as well as her argument that tender is not required. The Court has reviewed Plaintiff's Amended Adversary Complaint, Memorandum in Support of Amended Complaint and Statement of Key Facts.

**I.    Background**

Plaintiff purchased the property located at 22054 Crespi Street, Los Angeles, California (the "Property") in September 1999. Amended Adversary Complaint 18:13-15. On July 8, 2006, Plaintiff executed a mortgage on the Property. AAC 18: 22-26. New Century Mortgage Corporation offered Plaintiff a loan through a broker, Emerald Mortgage, Inc.. Id. A Deed of Trust was executed on August 9, 2006 encumbering the Property. AAC 18:26-28. Plaintiff states New Century Mortgage Corporation sold the Note to Morgan Stanley ABS Capitals for the purposes of securitization. AAC 19:1-7.

Plaintiff alleges that the Note was securitized to a trust, "MSAC-2007 Trust HE1, ClassA1," with Deutsche Bank National Trust as Trustee, and Saxon Mortgage Servicing, Inc. replacing New Century Mortgage Corporation as Servicer on January 1, 2007. Id. In May 2011, OCWEN Loan Servicing, LLC replaced Saxon Mortgage Servicing, Inc. as servicer. AAC 19:8-10. Plaintiff alleges she followed proper administrative procedure and recorded a Notice of Intent to Preserve Interest at the LA County Recorder and informed the Servicer. Id. In November 2011, Plaintiff claims a Forensic Audit of the Title and Loan documents was ordered, identifying that the securitization took place. AAC 19:11-12. Defendant alleges an Assignment of the Deed of Trust occurred on December 19, 2011, assigning the deed to Deutsche Bank National Trust Company, as trustee For the Registered Holder of Morgan Stanley ABS Capital I Inc. Trust 2007-HE1 Mortgage Pass-Through Certificates, Series HE1, recorded on December 30, 2011. MTD 2:1-6.

The Amended Adversary Complaint alleges that Plaintiff mailed a "debt validation letter" titled Notice of Dispute and Proof of Claim on January 17, 2012. AAC 19:14-19. Although it isn't clearly stated, it appears Plaintiff mailed this letter/notice to OCWEN Loan Servicing, LLC. Id.

1   On January 31, 2012, Western Progressive LLC, a third party debt collector, issued a Notice of Default and Election to Sell Under Deed of Trust acting on behalf of Deutsche Bank National Trust and OCWEN Loan Servicing. AAC 19:21-25. Plaintiff "filed a lawsuit for Quiet Title Case LC097218 at LA Country Siuperior [sic] Court against the numerous parties, claiming to have interest in the title, while refusing to produce any valid proof as legally required." AAC 20:1-3 (emphasis omitted). This state court action was dismissed on demurrer on February 8, 2013. See MTD 1 n.1.

On August 20, 2012, a Notice of Trustee's Sale was recorded whereby Plaintiff was put on notice that the Property would be sold at a public sale. MTD 2:7-10. On that same day, a lis pendens was formally recorded. AAC 20:3-4. On September 14, 2012 Plaintiff alleges a Trustee Sale was conducted without Defendant being present or paying any consideration at the Auction. AAC 20:6-7. Defendant states THR purchased the Property at a foreclosure sale on that date. MTD 2:14-16. Plaintiff alleges on September 27, 2012, a Trustee's Deed Upon Sale was recorded to THR California, LLC. AAC 20:8-9.

Plaintiff alleges the Pooling and Servicing Agreement ("PSA") requires that all promissory notes transferred to the Trust are required to have a complete chain of endorsement from the original payee. AAC 24:1-5. She claims in the litigation of related case LC097218, Defendant New Century Liquidating Trust made a statement to Plaintiff that they endorsed the Note in blank to Morgan Stanley. AAC 24:21-26. Plaintiff alleges that based on the PSA, the complete chain of endorsements should be from: "New Century Capital Corporation → Morgan Stanley Mortgage Capital Inc. → Morgan Stanley Securitized Assets LLC → Morgan Stanley Capital ABS Inc Trust (MSAC-Trust 2007 HE1) → Deutsche Bank National Trust Company." AAC 24:6-16 (arrows in original). Plaintiff claims there has been a single endorsement in blank by New Century Liquidating Trust to Morgan Stanley. AAC 24:25.

Overall, Plaintiff alleges that there is no evidence that the note has been securitized and there is no effective conveyance of the mortgage Promissory Note to the Trust, which has claimed ownership and sought to foreclose. AAC 23:16-19, 25:3-5. At the same time, Plaintiff alleges that the only item traded or sold at the auction was a mortgage related security – not a property. AAC 5:23-26.

State Court Complaints

This adversary complaint is the third such complaint in the past year and a half brought by Plaintiff against some or all of the defendants in this action. MTD 1:5-6. Defendant claims that "but for some minor grammatical changes as a result of the present amendment, all three complaints are identical to each other." MTD 1:6-8.

On May 14, 2012 Plaintiff filed a civil action in the Los Angeles Superior Court (Case No. LC097218) against the foreclosing entities seeking the same relief as in the present action. MTD 1 n. 1. This case was dismissed on demurrer on February 8, 2013, and has been appealed by Plaintiff. Id. Plaintiff filed a new, although identical, state court action on September 19, 2013 (Case No. LC100811). Defendant had filed a

demurrer in that action, scheduled for February 6, 2014. According to the docket, the demurrer was sustained with leave to amend (the court takes judicial notice of this based on the case information available on the lasuperiorcourt.org docket).

## II. Motion to Dismiss Standard

A motion to dismiss under FRCP 12(b)(6) challenges the sufficiency of the allegations set forth in the complaint. "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990)).

In resolving a FRCP 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations as true. Johnson, 534 F.3d at 1122; Knox v. Davis, 260 F.3d 1009, 1012 (9th Cir. 2001). On the other hand, the court is not bound by conclusory statements, statements of law, and unwarranted inferences cast as factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (emphasis added) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court elaborated on the Twombly standard: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citations and internal quotation marks omitted).

In light of that standard, the Supreme Court invited courts considering a motion to dismiss to use a two pronged approach. First, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. After those pleadings are excised, all that is left to consider are the factual allegations in the "complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681. Courts should assume the

veracity of well-pled factual allegations. Id. at 679. "If there are two alternative explanations, one advanced by the defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). *See also* Moss v. United States Secret Serv., 2013 U.S. App. LEXIS 4121 (9th Cir. Feb. 26, 2013).

Further, the allegations of the complaint, along with other materials properly before the court on a motion to dismiss, can establish an absolute bar to recovery. *See* Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 n. 1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts."). While the court generally must not consider materials outside the complaint, the court may consider exhibits submitted with the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Also, the Court may consider evidence on which the complaint "necessarily relies" if: 1) the complaint refers to the document; 2) the document is central to the plaintiff's claim; and 3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

In general a court may not consider items outside the pleadings upon deciding a motion to dismiss, but may consider items of which it can take judicial notice.[2] Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Moreover, FRCP 9(b) imposes heightened pleading requirements for claims of fraud. See FRCP 9(b). Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud," but can allege generally "[m]alice, intent, knowledge, and other conditions of a person's mind." Twombly, 550 U.S. at 559. The particularity requirement "has been interpreted to mean the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." In re MannKind Sec. Actions, 2011 U.S. Dist. LEXIS 145253, 19-20 (C.D. Cal. Dec. 16, 2011).

"Averments of fraud must be accompanied by the who, what, when, where and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted); Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973). "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731

---

[2] The only item for which the Court will take judicial notice is of Defendant's Request for Judicial Notice Exhibit 5: Trustee's Deed Upon Sale as it is the only item the Court relies on. The Plaintiff has not disputed the authenticity of this document but disputes the legal conclusions to be drawn from it.

(9th Cir. 1985). "It also prevents the filing of a complaint as a pretext for the discovery of unknown wrongs and protects potential defendants - - especially professionals whose reputations in their fields of expertise are most sensitive to slander - - from the harm that comes from being charged with the commission of fraudulent acts." Id.

Pro Se Pleadings

Plaintiff devotes two pages of her Amended Adversary Complaint to *pro se* pleading standards and cites to Haines v. Kerner, where the Supreme Court found that a district court had improperly dismissed a prisoner's § 1983 suit for failure to state a claim. 404 U.S. 519, 520-21 (1972). The Supreme Court held that the a *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). This case is factually distinguishable as the complaint in Haines offered significantly more detail than Plaintiff has. The standard quoted in Haines for deciding motions to dismiss relies on Conley, which has been superseded by the more stringent pleading standard articulated in Iqbal and Twombly. *See* Hurt v. All Sweepstakes Contests, 2012 U.S. Dist. LEXIS 150403, at *6 (N.D. Cal. Oct. 18, 2012). The Court has, nevertheless, carefully considered Plaintiff's *pro se* status and not held her to all formal requirements. The Amended Adversary Complaint has been construed quite liberally and reviewed for any viable basis, but it still fails to state any cognizable claim.

28 U.S.C. § 1652 & Applicable Law

Plaintiff cites to 28 U.S.C. § 1652 in arguing that New York law is applicable to her case. Plaintiff has also relied on New York case law in arguing that New York law is applicable, citing to Royal Bank of Canada v. Trentham Corp., 665 F.2d 515 (5th Cir. 1981) and Wells Fargo Bank, N.A. v. Erobobo, 972 N.Y.S. 2d 147 (N.Y.S. 2013) (unpublished opinion).

Federal common law choice of law rules apply in bankruptcy cases. Mandalay Resort Group v. Miller (In re Miller), 292 B.R. 409, 413 (B.A.P. 9th Cir. 2003) (citing Liberty Tool & Mfg. v. Vortex Fishing Sys. (In re Vortex Fishing Sys.), 277 F.3d 1057, 1069 (9th Cir. 2002); In re Lindsay, 59 F.3d 942, 948 (9th Cir. 1995); In re Gibson, 234 B.R. 776, 779 (Bankr. N.D. Cal. 1999)). Federal choice of law rules follow the approach of the Restatement (Second) of Conflict of Laws ("the Restatement"). Vortex, 277 F.3d at 1069; Gibson, 234 B.R. at 779.

The Restatement of Conflict of Laws provides, "it is a firmly established principle that questions involving interests in immovables are governed by the law of the situs." Restat. 2d of Conflict of Laws, § Scope.[3] "Whether a conveyance transfers an interest in land and the nature of the interest transferred are determined by the law that would

---
[3] The Restatement defines immovables as "land and to things that are so attached, or otherwise related, to the land as legally to be regarded a part of it." Id.

be applied by the courts of the situs." Restat. 2d of Conflict of Laws, § 223(1).

In her Amended Adversary Complaint, Plaintiff also points to her Deed of Trust, specifically a section regarding the governing law which states: "*This security instrument governed by federal law* and the law of the jurisdiction in which the propert[y] is located." AAC 44:2-7. The Property is located in California. Therefore the applicable law is that of California. New York law is not binding authority on this Court.[4]

### III. Analysis

Plaintiff includes twenty-four (24) pages of various legal theories at the outset of her Amended Adversary Complaint and then describes seven (7) causes of action. As standing and failure to tender issues affect all of these theories, they are addressed at the outset.

**A. Plaintiff's Lack of Standing to Allege Violation of PSA & Invalid Assignment**

The California Court of Appeals has explicitly held that a borrower lacks standing to seek relief under allegations of PSA violations and invalid assignment theories:

> [E]ven if the asserted improper (or any other invalid assignments or transfers of the promissory note subsequent to her execution of the note on March 23, 2007) occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note. "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor.  As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note." Herrera v. Fed. Nat'l Mortg. Ass'n, 205 Cal. App. 4th 1495, 1507 (2012). **As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions.** *See* In re Correia, 452 B.R. 319, 324-25 (B.A.P. 1st Cir. 2011) [finding debtors lacked standing to raise violations of pooling and servicing agreement]. Furthermore, even if any subsequent transfers of the promissory note were invalid, **Jenkins is not a victim of such invalid transfers because her obligations under the note remained unchanged**. Instead, the true victim may be an individual or entity that believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of their interest in the note.

---

[4] Plaintiff also refers Horrace v. LaSalle, without a proper citation.  Upon review, it appears the relevant case is Horace v. LaSalle Bank Nat'l Ass'n, 2009 U.S. Dist. LEXIS 12032 (M.D. Ala. Feb. 17, 2009).  This case is also not binding authority on this Court.

Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 514-15 (Cal. App. 4th Dist. 2013) (emphasis added) (holding borrower, as an unrelated third party to the alleged securitization, lacked standing to enforce the pooling and servicing agreement). *See also* Diunugala v. JP Morgan Chase Bank, N.A., 2013 U.S. Dist. LEXIS 144326 (S.D. Cal. Oct. 3, 2013) (holding Defendant's motion to dismiss granted where plaintiff failed to show it was prejudiced as a result of an alleged invalid assignment to a securitized trust after its closing date).

Plaintiff relies on a single California appellate case to assert that she has standing to challenge the assignment of her note. Glaski v. Bank of America, N.A., 218 Cal. App. 4th 1079 (Cal. App. 5th Dist. 2013). In Glaski, the California Court of Appeal held that, **under New York trust law**, a transfer of a deed of trust in contravention of the trust documents is "void, not merely voidable," and, under California law, "a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the assignment." Id. at 1095 (emphasis added). The court held that **New York law governed the operation of the trust** as the WaMu Securitized Trust was formed under New York law. Id. at 1096. Based upon this theory, the Glaski court held that the plaintiff had standing and stated a claim for quiet title, declaratory relief and unfair business practices under California Business and Professions Code § 17200. Id. at 1100-01.

However, a majority of courts have declined to follow Glaski.[5] *See* Haddad v. Bank of America, N.A., 2014 U.S. Dist. LEXIS 2205, at *3-5 (S.D. Cal. Jan. 8, 2014) (dismissing the First Amended Complaint because Plaintiff lacked standing to maintain claims asserted). "[D]istrict courts have held that borrowers who were not parties to the assignment of their deed—and whose rights were not affected by it—lacked standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment." Marques v. Fed. Home Loan Mortg. Corp., 2012 U.S. Dist. LEXIS 173988, at *4 (S.D. Cal. Dec. 6, 2012) (citations omitted) ("[T]he validity of the assignment does not affect whether [the] borrower owes its obligations, but only to whom [the] borrower is obliged.") (quotation omitted). *See also* Siliga v. Mortg. Elec. Reg. Sys., Inc., 219 Cal. App. 4th 75, 85 (Cal. App. 2d Dist. 2013) ("The Siligas do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment."). *Cf.* Murphy v. Allstate Ins. Co., 17 Cal. 3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others.... As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler.").

---

[5] "[E]very court in this district that has evaluated *Glaski* has found it unpersuasive." Zapata v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 173187, at *2 (N.D. Cal., Dec. 10, 2013) (citing Subramani v. Wells Fargo Bank N.A., 2013 U.S. Dist. LEXIS 156556, at *3 (N.D. Cal. Oct. 31, 2013); Dahnken v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 160686, at *2 (N.D. Cal. Nov. 8, 2013); Maxwell v. Deutsche Bank Nat'l Trust Co., 2013 U.S. Dist. LEXIS 164707, at *2 (N.D. Cal. Nov. 18, 2013)).

This Court adopts the reasoning of the overwhelming authority. Plaintiff lacks standing to allege violations of the PSA and an invalid assignment of the Deed of Trust. These theories do not change Plaintiff's obligations under the note.

### B. Failure to Tender

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (Cal. App. 2d Dist. 1971) (internal citations omitted). The California Supreme Court has said "it is apparent from the general tenor of the decisions that an action to set aside the sale, unaccompanied by an offer to redeem, would not state a cause of action which a court of equity would recognize." Copsey v. Sacramento Bank, 133 Cal. 659, 662 (1901). *See also* Leonard v. Bank of America Nat'l Trust & Sav. Ass'n, 16 Cal. App. 2d 341, 344 (Cal. App. 1936); Karslen, 15 Cal. App. 3d at 117.

The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. Logvinov v. Wells Fargo, 2011 U.S. Dist. LEXIS 141988, *11 (N.D. Cal. Dec. 9, 2011). "In holding that a borrower must allege tender as an essential element of any cause of action based upon irregularities in the sale procedure, one California court found that "'[t]o hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves.'" Id. (citing FPCI RE-HAB 01 v. E & G Invs., 207 Cal. App. 3d 1018, 1021 (Cal. App. 2d Dist. 1989). *See also* Karlsen, 15 Cal. App. 3d at 117-18 (finding where a borrower is in default on a loan and has shown no ability to "relieve herself from such defaults . . . *[e]quity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act* . . .") (emphasis in original).[6]

Plaintiff seeks a judgment deeming the foreclosure "proceedings fatally defective and void" and that the Trustee's Deed be rescinded as void. AAC 47:19-22. Plaintiff failed to pay her mortgage for over two years. See Reply to Opposition to the Motion to Dismiss (the "Reply") 2:24-25. Plaintiff failed to allege that she tendered the full amount due under the subject loan or even the amount in default. Plaintiff's failure to tender bars her ability to seek prayers in equity.

Plaintiff argues that there is an exception to the requirement of tender where it would be inequitable to do so, citing Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (Cal. App. 4th 1997). However, Onofrio is distinguishable as it was a case in which the plaintiff sought to rescind a foreclosure sale because the foreclosure consultant promised the plaintiff that he would help to avoid foreclosure and then purchased the

---

[6] Both Karlsen and FPCI apply the tender rule to a post-sale situation, not a pending foreclosure. Courts have refused to extend the tender rule to cases where the foreclosure sale has not yet occurred. *See* Silva-Pearson v. BAC Home Loans Servicing, 2011 U.S. Dist. LEXIS 71639, at *2 (N.D. Cal. July 5, 2011); Howl v. Bank of Am., N.A., 2011 U.S. Dist. LEXIS 91698, at *2 (N.D. Cal. Aug. 17, 2011); Dubin v. BAC Home Loans Servicing, 2011 U.S. Dist. LEXIS 19921, at *3 (N.D. Cal. Feb. 28, 2011); Hague v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 140122, at *5 (N.D. Cal. Dec. 6, 2011). Given that this is a post-sale situation, Karlsen and FPCI are on point and applicable here.

plaintiff's home at the foreclosure sale. Id. The court found that it would be inequitable under those facts to require tender. Id. See also Scott v. Saxon Mortg. Servs., 2013 U.S. Dist. LEXIS 146988, at *27 (N.D. Cal. Oct. 10, 2013) (distinguishing from Onofrio, and holding plaintiff was required to tender where she alleged MERS lacked beneficial interest in the deed of trust to transfer to defendant).

Plaintiff's reliance on U.S. Bank, N.A. v. Skelton (In re Salazar), 448 B.R. 814, 819 (S.D. Cal. 2011) (reversed by U.S. Bank, N.A. v. Skelton (In re Salazar), 470 B.R. 557 (S.D. Cal. 2012)) is also misplaced. In that case, U.S. Bank was seeking relief from stay to pursue an unlawful detainer action. Id. The plaintiff had established a *prima facie* case that the foreclosure was void. Id. at 817. U.S. Bank had failed to record the assignment of the deed of trust pursuant to California Civil Code § 2932.5. Id. at 819. The court stated that if the bank was not authorized to foreclose, plaintiff would not have to tender the full amount of the loan to set aside the sale. Id. At the time of the foreclosure, the bank was not the beneficiary of record on the deed of trust and had not recorded the assignment. Id. Nevertheless, the court *did not* make a ruling on whether tender was required, as it emphasized that U.S. Bank's defenses to the plaintiff's CCC § 2932.5 argument must be resolved either in state court or in another proceeding *as these defenses were not before the court*. Id. (emphasis added). Additionally, the decision was reversed on appeal for the denial of relief from stay and remanded for further proceedings. In re Salazar, 470 B.R. at 562.

Plaintiff refers to the decision in Sacchi v. Mortgage Elec. Registration Sys., 2011 U.S. Dist. LEXIS 68007, at *28-29 (C.D. Cal. June 24, 2011). In that case, plaintiff had alleged defendants failed to contact plaintiff and explore options to avoid foreclosure, as Defendants were required to do by law under California Civil Code § 2923.5 ("A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."). Id. "Tender is not required where a Plaintiff alleges a violation of section 2923.5 because 'the whole point of section 2923.5 is to create a new, even if limited right, to be contacted about the possibility of *alternatives* to full payment of arrearages. It would be contradictory to thwart the very operation of the statute if enforcement were predicated on full tender.'" Id. (citing Mabry v. Super. Ct., 185 Cal. App. 4th 208, 225-26 (2010)). The court found it would be inequitable to require tender. Id.

In the present case, it is not inequitable to apply the tender rule. Plaintiff has not established a *prima facie* case that the foreclosure sale is void, and has not sufficiently alleged facts that would show it is void.[7] Plaintiff does not allege that Defendant

---

[7] Where a plaintiff alleges that a document is void due to robo-signing, yet does not contest the validity of the underlying debt, and is not a party to the assignment, the plaintiff does not have standing to contest the alleged fraudulent transfer. Maynard v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 130800 (S.D. Cal. Sept. 11, 2013). *See, e.g.*, Kuc v. Bank of Am., N.A., 2012 U.S. Dist. LEXIS 53278, at *2 (D. Ariz. Apr. 16, 2012) ("[P]laintiff, as a third-party borrower, does not have standing to challenge the validity of any allegedly 'robosigned' recorded assignments."); Javaheri v. JP Morgan Chase Bank N.A., 2012 U.S. Dist. LEXIS 114510, at *6 (C.D. Cal. Aug. 13, 2012) (accepting allegations of robo-signing as true, but holding that plaintiff lacked standing to challenge substitution of trustee agreement).

violated CCC § 2923.5, and, in fact, Defendant was not the foreclosing entity so it would not have been in any position to explore options to avoid foreclosure. Plaintiff fails to allege that she was prejudiced and unable to pay her debt as a result of the alleged invalid assignment and PSA violations. Plaintiff lacks standing to enforce the pooling and servicing agreement as an unrelated third party.

Plaintiff cannot contest the assignment due to lack of and failure to allege prejudice. As a result, Plaintiff was required to tender the full amount due on her loan to be eligible for relief. Plaintiff has failed to tender and has been in default for two years. Plaintiff's Amended Adversary Complaint may be dismissed in its entirety on this basis alone. Each of the specific causes of action also suffer fatal defects, as detailed below.

### C. First Cause of Action: Aiding Securities Fraud and Improper Securitization

Plaintiff claims Defendant made false and misleading statements without alleging facts as to what kind of false/misleading statements were made. AAC 27:18-26. Plaintiff claims Defendants had knowledge that: the security they were allegedly bidding on was a result of improper securitization due to the fact that an outstanding litigation was in process six months prior to the alleged auction, AAC 28:1-4; they had no right to purchase an unregistered security, AAC 28:4-8; and they were not purchasing anything at the auction, AAC 28:17-22.

Plaintiff fails to allege how Defendant had knowledge of these issues, or how they would affect her, and instead makes conclusory statements. Furthermore, it is unclear how nothing was purchased at the auction when Plaintiff earlier stated that a mortgage related security *was* sold at this auction, *and* Defendant acquired a Trustee's Deed Upon Sale with regards to the Property. AAC 5:23-26, 20:8-9. Plaintiff contradicts herself and is further contradicted as evidenced by the Trustee's Deed Upon Sale. Request for Judicial Notice Ex. 5.

Paragraph seven under the first cause of action seems to allege *how* Defendant had knowledge that the PSA "strictly prescribes [sic] compliance with 12 USAC IRS 860G prohibits the Trust to transfer any assets past 90 days of the Closing Date of the Trust – January 26, 2007, therefore the last day of acquisition April 26, 2007." AAC 28:8-12. This single fact, however, cannot stand on its own. Furthermore, the above analysis as to lack of standing demonstrates why this fact is insufficient to state a plausible claim.

Plaintiff claims that "Defendants aided, abetted and perpetrated fraud by cooperating in and accepting a transaction, where they exercised a fraudulent misuse of non-existent entity as beneficiary and assignor." AAC 28:23-27. Plaintiff fails to meet the heightened requirement of FRCP 9(b) as she does not allege who, what, where, and how of the misconduct charged. Plaintiff claims that Defendants aided, abetted and perpetrated fraud by transacting with Deutsche (who Plaintiff claims was making false and misleading statements as well – although she does not properly allege this).

---

Plaintiff's allegations that the assignment is "null" due to the robo-signing therefore fails as well. AAC 42:12-16.

Plaintiff fails to allege how Defendant aided and abetted fraud by transacting with Deutsche.  When Plaintiff alleges that Defendant "made full acceptance of that fraudulent behavior," she fails to state how Defendant did so.

Whether a loan has been securitized does not interfere with a borrower's obligation to make mortgage payments; the securitization of a loan does not change the rights or obligations of the parties to a loan.  Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has…been rejected by many district courts."); Logvinov v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 141988, at *9 (N.D. Cal. Dec. 9, 2011).  *See also* Bascos v. Fed. Home Loan Mortg. Corp., 2011 U.S. Dist. LEXIS 86248 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor [in] the loan trust.").

Plaintiff's argument that the mortgage assignment was made after the closing date of the PSA is not a viable claim.  Although one authority supports the proposition that a late assignment in violation of a PSA gives rise to a plausible claim of fraudulent conduct (Vogan v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 132944 (E.D. Cal. Nov. 7, 2011)), courts have consistently criticized this proposition and dismissed similar claims. *See, e.g.*, Me Lee v. LNV Corp., 2012 U.S. Dist. LEXIS 50328 (C.D. Cal. Apr. 10, 2012); Bascos v. Federal Home Loan Mortg. Corp., 2011 U.S. Dist. LEXIS 86248 (C.D. Cal. July 22, 2011); Cerecedes v.U.S. Bankcorp, 2011 U.S. Dist. LEXIS 75559 (C.D. Cal. Jul. 11, 2011).  More recently, the court in McLaughlin v. Wells Fargo Bank, N.A., agreed with the greater weight of authority and concluded that "allegation[s] that a mortgage assignment was made after the closing date of a PSA is **not sufficient to state a plausible claim of fraud**."  2013 U.S. Dist. LEXIS 38864 (C.D. Cal. Mar. 19, 2013) (emphasis added).

Under CCP § 2942(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may initiate the foreclosure process upon default.:  *See also* Hafiz v. Greenpoint Mortg.e Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009).

Regardless of the fact that Defendant was not the foreclosing beneficiary, as a result of Plaintiff's default, Western Progressive could initiate the foreclosure process, and in fact did so.  Plaintiff does not have a valid claim against Defendant for the foreclosure as Defendant is not alleged to have been involved in the foreclosure, and Plaintiff has not sufficiently pled facts to argue aiding and abetting fraud.  Plaintiff's first cause of action fails to state a plausible claim against Defendant.

### D. Second Cause of Action: "Aiding Common Law Fraud - Deceipt [sic] in Bona Fide Status Duplicate Chain of Title"

Plaintiff claims there is a duplicate chain of title with the first chain securitization in 2007 and the second chain in 2011 by assignment.  All of Plaintiff's allegations claim knowledge on behalf of Defendant with regards to different events, without any

allegation as to how Defendant has such knowledge. How did "Defendants kn[o]w at the time they were sold the security, that the foregoing statements were false and misleading or, in violation of statute of frauds"? AAC 30:5-7. Plaintiff fails to allege how Defendant had knowledge of the lis pendens and even contradicts herself when she states earlier that Defendant was not present at the auction and could not have received notice. AAC 26:2-7, 30:8-11. Plaintiff fails to allege how Defendant had knowledge of the pending action in state court under case number LC097218. AAC 30:12-15.

Plaintiff has failed to state any factual allegations, instead relying on conclusory statements to argue that there is a duplicate chain of title for which Defendant somehow had knowledge. There is absolutely no allegation as to how Defendant had knowledge of any of the events or issues. Plaintiff simply relies on conclusory statements. Plaintiff's second cause of action is dismissed as a result.

### E. Third Cause of Action: Abetting UCC Violations Article 3, 8 & 9, and Common Law Fraud

Plaintiff again claims that Defendant has knowledge of various events and occurrences. Plaintiff alleges that Defendants knew: (1) that they are purchasing an unregistered security, AAC 31:12-13; (2) that their predecessor engaged in negligent misrepresentation, AAC 31:17-18; (3) that the predecessor Deutsche and OCWEN were engaged in fraudulent behavior, AAC 31: 23-24; and (4) that the predecessor and its agents had no standing and was not a "Holder in Due Course," AAC 32:6-8, 18-20. Plaintiff fails to allege how Defendant had knowledge that they were purchasing an unregistered security, how they knew the predecessor engaged in negligent misrepresentation, etc. All of Plaintiff's statements are therefore conclusory statements that do not meet the Twombly and Iqbal standards.

California Civil Code § 2924 through § 2924(k) governs non-judicial foreclosure sales pursuant to a power of sale in a deed of trust. "These provisions cover every aspect of exercise of the power of sale contained in a deed of trust." I.E. Associates v. Safeco Title Ins. Co., 39 Cal. 3d 281, 285 (1985). There are three purposes for this comprehensive framework: "(1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (Cal. App. 2d Dist. 1994).

California courts have found that "nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized and we see no ground for implying such an action." Gomes v. Countrywide Home Loans, 192 Cal. App. 4th 1149, 1155 (Cal. App. 4th Dist. 2011) (citing Lu v. Hawaiian Gardens Casino, Inc., 50 Cal. 4th 592, 596 (2010)). If borrowers could bring such challenges, the legislature's decision to establish the remedy of non-judicial foreclosure for creditors would be thwarted, since every non-judicial foreclosure could be turned into a judicial proceeding by borrowers filing lawsuits "solely for the purposes of delaying valid foreclosures." Id. See also Herrera v. Federal National Mortgage, 205

-14-

Cal. App. 4th 1495, 1507 (Cal. App. 4th Dist. 2012) ("Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note."); Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (Cal. App. 1st Dist. 2011) (same).

Plaintiff attempts to explore the foreclosing parties' authority to foreclose – entities who are not included in the present action. Nevertheless, Plaintiff's judicial action to determine whether those entities were authorized to foreclose is in direct contradiction to the established law. Plaintiff's further reliance on the California Commercial Code is misplaced. Sections of the Commercial Code, particularly UCC § 3301, "do not displace the detailed, specific, and comprehensive set of legislative procedures the Legislature has established for non-judicial foreclosures." Debrunner v. Deutsche Bank National Trust Co., 204 Cal. App. 4th 433, 441 (Cal. App. 6th Dist. 2012).

Plaintiff claims Western Progressive, LLC was a "stranger to the title" and therefore not a "holder in due course," violating UCC § 3-302. AAC 32:18-26. (The relevant code section is the California Commercial Code §3302.) Irrespective of the fact that Plaintiff makes her allegations in a conclusory fashion and without supporting evidence, "the allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." Neal v. Juarez, 2007 U.S. Dist. LEXIS 98068, at *25 (S.D. Cal. July 23, 2007) (citing R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 94, 97 (1933); California Trust Co. v. Smead Inv. Co., 6 Cal. App. 2d 432, 435 (Cal. App. 2d Dist. 1935). *See also* Sicairos v. NDEX West, LLC, 2009 U.S. Dist. LEXIS 11223, at *8 (S.D. Cal. Feb. 13, 2009) ("Under Civil Code section 2924, no party needs to psychically possess the promissory note.").[8] Therefore, in addition to the fact that defendants need not show they have standing to proceed with a non-judicial foreclosure sale and that the Commercial Code is inapplicable to non-judicial foreclosures, whether Western Progressive had physical possession of the note is irrelevant.

While it seems that Plaintiff intends to make a claim for common law fraud (*see* AAC 31:8), she makes no statements – whether conclusory or factual – that relate to such a cause of action.

During oral argument, Plaintiff argued that the fact that the Deed of Trust has "uniform instrument" on several pages makes it subject to the Uniform Commercial Code. However, this is in reference to the uniform instrument used by Fannie Mae and Freddie Mac Security Instruments when originating single-family residential mortgage loans. AAC 44:18-21 ("See Page 1 of DOT states: California Single Family – Frannie Mae/Freddie Mac UNIFORM INSTRUMENT."). Plaintiff's third cause of action therefore

---

[8] Plaintiff cites to Miller v. Novastar, #6770-5-1 Court of Appeal in her Opposition to argue that the foreclosing party must have evidence of a debt/possess the note. The correct citation for this case appears to be Rucker v. NovaStar Mortg., Inc., 177 Wn. App. 1 (Wash. Ct. App. 2013). As this is a Washington court decision applying Washington law, it is not binding authority on this Court, nor applicable in this context.

fails to state a plausible claim against Defendant, THR.

### F. Fourth Cause of Action: Negligent Misrepresentation, Bifurcation of Deed and Note

The Ninth Circuit "has not yet decided" whether FRCP 9(b) applies to negligent misrepresentation claims. See Anschurtz Corp. v. Merrill Lynch & Co., 785 F. Supp. 2d 799, 823 (N.D. Cal. 2011). *But see* Miller v. Int'l. Bus. Moch. Corp., 138 Fed. Appx. 12, 17 (9th Cir. 2005) (unpublished decision finding negligent misrepresentation claim only needs to satisfy FRCP 8). Although several courts in this district have applied FRCP 9(b) to negligent misrepresentations, there is no need to reach this issue as Plaintiff's claim fails under the lower FRCP 8 standard.

To state a claim for negligent misrepresentation, a plaintiff must plead "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (Cal. App. 2d Dist. 2007). Under FRCP 8, the complaint should state, among other things, facts alleged to have been misrepresented by defendant and the identity of the person who made the statements. Foster v. Allstate Ins. Co., 1993 U.S. Dist. LEXIS 20851 (S.D. Cal. Oct. 7, 1993).

Plaintiff fails to provide *any* factual allegations to support a claim for negligent misrepresentation. She has not alleged what facts were misrepresented by Defendant, and fails to allege that Defendant made any statements to Plaintiff. Plaintiff has simply stated Defendant had knowledge of the issues present in the state court case (case number LC097218), that the note and deed of trust were split, and that a lis pendens was recorded on the Property. AAC 16-28. Once again, Plaintiff's statements are conclusory in nature and do not have any supporting factual allegations. She fails to sufficiently plead negligent misrepresentation on behalf of Defendant and therefore, her fourth cause of action is dismissed.

### G. Fifth Cause of Action: Conversion of Personal Property – The Promissory Note

Plaintiff claims Defendant "abetted, accepted and aided and have benefited from the unconsented unilateral changes the terms and conditions of the original Trust, without the Trustor's knowledge. The Pooling Agreement (PSA) which is creating Trust backed securities (certificates) makes these changes in the terms and conditions of the original Trust…" AAC 35:11-14 (emphasis removed). See analysis above as to why Plaintiff has no claim against Defendant for alleged violations of the PSA. Even if Plaintiff did have standing to bring a claim as a third party to the PSA, she fails to properly allege how Defendant "abetted, accepted and aided and [] benefited from the unconsented unilateral changes… ." AAC 35:11-15.

Plaintiff states there was actual interference by Defendant. AAC 37:4-5. However, she goes on to say: "[u]nder deceptive circumstances – the Note was purportedly 'transferred' by New Century to Morgan without any true endorsements or consideration (blank); New Century offered an incomplete funding transaction' [sic]…Defendants purportedly sold note on purpose – to acquire profits – no receipt was given to Signor." AAC 37:5-10. Nowhere does Plaintiff discuss the actual interference by Defendant or allege any facts with regards to Defendant, THR. Plaintiff claims the statute of limitations does not apply in conversion cases when there has been fraud, but she fails to allege (with or without specificity) any elements of fraud. Plaintiff's fifth cause of action is dismissed.

<u>Conversion and Party to a Contract</u>

Plaintiff attempts to allege Defendant has engaged in conversion of the promissory note under California Civil Code § 1574. AAC 34:22. CCC § 1574 states: "Actual fraud, within the meaning of this chapter, consists in any of the following acts, **committed by a party to the contract**, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract…." Plaintiff fails to realize that CCC § 1574 is applicable between the parties to a contract. The Amended Adversary Complaint fails to allege that Plaintiff and Defendant are parties to a contract or even that Defendant is a party to the promissory note. Furthermore, Plaintiff has not made any allegations as to actual fraud with regards to a conversion of the promissory note. (See sixth cause of action, below, for elements required to plead actual fraud under CCC § 1574.) Plaintiff's fifth cause of action is dismissed.

**H. Sixth Cause of Action: "Cancellation of the Transfer Instrument – 2011 Assignment"**

Plaintiff attempts to plead intentional misrepresentation as well as actual fraud. AAC 39:2-9. Plaintiff lays out the elements of actual fraud. AAC 39:5-9. "There must be (1) a *false representation* or concealment of a material fact (or, in some cases, an opinion) susceptible of knowledge, (2) made with *knowledge* of its falsity or without sufficient knowledge on the subject to warrant a representation, (3) with the *intent* to induce the person to whom it is made to act upon it; and such person must (4) act in *reliance* upon the representation (5) to his *damage*." <u>South Tahoe Gas Co. v. Hofmann Land Improv. Co.</u>, 25 Cal. App. 3d 750, 765 (Cal. App. 1st Dist. 1972) (citing 1 Witkin, Summary of Cal. Law (1960) Contracts, § 137, p. 147; and 23 Cal.Jur.2d *op.cit*., § 66, pp. 164-165).

Plaintiff has failed to allege what the false representation or concealment of material fact was. She has failed to allege that any statement was made with knowledge of its falsity, with the intent to induce reliance by the person to whom it was made. She fails to allege that any such false statement was made to her by Defendant. She has failed to allege how she acted in reliance upon that representation resulting in damages. Plaintiff has therefore not met the heightened pleading requirement under FRCP 9(b) for fraud.

-17-

The elements of intentional misrepresentation are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." Still v. Arakelyan (In re Still), 393 B.R. 896, 914 (Bankr. C.D. Cal. 2008) (citing Anderson v. Deloitte & Touche, 56 Cal. App. 4th 1468, 1474 (Cal. App. 1st Dist. 1997)).

Plaintiff has failed to allege what misrepresentations were made by Defendant, how Defendant had knowledge of the falsity and intent to defraud Plaintiff. She has failed to allege how she justifiably relied on such a statement and a resulting damage. Plaintiff has therefore failed to meet the FRCP 8 standard.

Plaintiff makes insufficient allegations with regards to the assignment of the Note. In her allegations against Defendant, she claims it "had knowledge that the purported instrument, which serves as a base for their Trustee deed, was drafted and executed by Defendant Ocwen Loan Servicing, LLC, in an attempts [sic] to transfer title of Plaintiff's property, supposedly on behalf of New Century, 3 ½ years after the originating purported lender has ceased operation." AAC 41:8-11 (emphasis omitted). (The Court notes that OCWEN Loan Servicing, LLC is not a defendant in the present adversary.) Plaintiff's statement fails to allege how Defendant had knowledge, and is a conclusory statement. Plaintiff once again makes allegations regarding the assignment: "[t]he assignment of mortgage which forms the basis of Defendant['] s standing herein is a nullity." AAC 41:14-16. In a perplexing twist, Plaintiff goes on to state that she herself has knowledge of the New Century Mortgage bankruptcy and the happenings in that case. AAC 41:20-42:5.

"To plead a cause of action for cancellation of instrument, plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." Zendejas v. GMAC Wholesale Mortg. Corp., 2010 U.S. Dist. LEXIS 64903, at *7 (E.D. Cal. June 29, 2010); Dick v. American Home Mortg. Servicing, Inc., 2013 US Dist. LEXIS 133755, at *11 (E.D. Cal. Sept. 18, 2013). Plaintiff has failed to allege how she will be injured or prejudiced if the instrument is not cancelled. This is more fully explored in the tender analysis above.

See analysis above regarding Plaintiff's lack of standing to bring a claim for alleged invalid assignment as an unrelated third party. Plaintiff again alleges that "[t]hese written instruments [including the Trustee's Deed Upon Sale] are based entirely on the validity of the null Assignment. As such – they are invalid." AAC 42:16-24. Plaintiff claims Defendant cannot produce any document to substantiate the validity of the assignment as being authorized by New Century Mortgage's bankruptcy trustee. AAC 42:5-7. However, as stated above, Plaintiff lacks standing to challenge the assignment.

California Code of Civil Procedure § 749(a)

Plaintiff argues she is entitled to damages under California Code of Civil Procedure § 749. Section 749 is in regards to "Action[s] by homeowner or trustor

-18-

against beneficiary who forged deed." Section 749(a) states: "In an action for damages by a homeowner or trustor against a beneficiary of a **trust deed** on real property consisting of a single-family residence containing not more than four dwelling units, or against an assignee or successor in interest thereof, wherein it is established the **trust deed** was forged in whole or in party by the beneficiary, judgment may be entered for three times the amount at which the actual damages are assessed" (emphasis added).

Nowhere has Plaintiff alleged that the beneficiary – who is not even the Defendant – forged the **deed**. The basis of her claims is the supposed invalid assignment and violation of the PSA. For that reason § 749(a) is inapplicable to Plaintiff. Plaintiff has failed to state a plausible cause of action against Defendant. The sixth cause of action is dismissed.

### I. Seventh Cause of Action: Abetting Breach of Contract of the Terms of the Deed of Trust

Plaintiff alleges that Defendant "abetted a breach of Contract of the Security Instrument titled Deed of Trust and all subsequent Instruments…from the moment they were contacted to participate in the announced "auction." AAC 43:11-15. Plaintiff fails to take the next step and explain in fact *how* Defendant abetted a breach of contract. Plaintiff does not state how "Defendants have accepted the terms of the Security Instrument," especially when she has not stated anywhere in her complaint that Defendant THR was a party to the Deed of Trust or the Assignment. AAC 44:7-10. Plaintiff goes on to say that "Defendants have breached the terms of a Contract, by participating in a transaction." AAC 45:7-8. What transaction did Defendants participate in that resulted in a breach of a contract? When were Plaintiff and Defendant parties to a contract? Again, Plaintiff has failed to sufficiently plead these facts.

Insofar as Plaintiff's seventh cause of action attempts to plead an invalid assignment, she lacks the standing to do so.

### J. Dismissal with Prejudice

Dismissal of a complaint without leave to amend should only be granted when it is clear that the complaint cannot be saved by amendment. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts" Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242 (9th Cir. 1990).

Plaintiff's Adversary Complaint was dismissed for the same reasons the current Amended Adversary Complaint should be dismissed. Plaintiff had an opportunity to cure the defects and allege the facts necessary to show that she has a valid claim against Defendant. Plaintiff has failed to provide these facts and instead rearranged the conclusory statements from her Adversary Complaint. Further leave to amend the complaint will not cure the deficiencies as Plaintiff and Defendant were never parties to a contract, Defendant was not Plaintiff's lender and Defendant was not involved in the

-19-

foreclosure of the Property.  Plaintiff also lacks standing to allege an invalid assignment and violation of the PSA which is the basis of her insufficient complaint.  Plaintiff's Amended Adversary Complaint is dismissed with prejudice as it does not appear she can allege any set of facts that would entitle her to relief.

Date: March 3, 2014

*Maureen A. Tighe*
United States Bankruptcy Judge